PHILLIP A. TALBERT
United States Attorney
AARON D. PENNEKAMP
EMILY G. SAUVAGEAU
HADDY ABOUZEID
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS SHARRON PIGGEE,<br><br>Defendant. | CASE NOS.  2:23-cr-00029-JAM<br>              2:22-cr-00155-JAM<br>              2:98-cr-00499-JAM<br><br>STIPULATION TO VACATE TRIAL DATE, CONVERT TRIAL CONFIRMATION HEARING TO STATUS CONFERENCE, AND EXCLUDE TIME; ORDER<br><br>DATE: October 17, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, these matters were set for a trial confirmation hearing (2:23-CR-00029-JAM) and admit/deny hearings (2:22-CR-00155-JAM; 2:98-CR-00499 JAM) on October 17, 2023. This Court also scheduled a trial date for November 13, 2023 in Case No. 2:23-CR-0029-JAM.

2. By this stipulation, defendant now moves to vacate the November 13, 2023 trial date, convert the October 17, 2023 trial confirmation hearing to a status conference, and exclude time in Case No. 2:23-CR-0029-JAM through October 17, 2023 under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The discovery associated with this case includes law enforcement reports, audio and video recordings, photographs, search warrants, and criminal history records. The discovery in this case amounts to over 1,000 Bates-stamped pages, as well as numerous body-worn camera videos. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant was only recently appointed, as the undersigned counsel entered this case on September 26, 2023. After this appointment date, the government provided the above-described discovery to the undersigned counsel, who has now begun to review this discovery. In addition, the government proffers that it anticipates producing some additional discovery (*e.g.*, reports concerning information obtained from defendant's cell phone) in the coming days.

c) In light of this discovery, and given his recent appointment in this case, counsel for defendant desires additional time to consult with his client, review the discovery, discuss the current charges, research pertinent legal issues, and otherwise investigate and prepare for trial.

d) Counsel for defendant believes that failure to grant the defendant's request to vacate the current trial date would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) Counsel for defendant has reviewed his schedule and determined that the earliest he could be prepared to try this case would be sometime in February 2024. Counsel for defendant requests that the October 17, 2023 hearing remain on calendar, but requests that it be converted to a status conference, so that the parties and the Court can discuss an alternative trial schedule.

f) The government does not object to the defendant's requests to vacate the current trial date, set a status conference for October 17, 2023, and reset this case for trial in 2024.

g) Based on the above-stated findings, the ends of justice served by granting the defendant's requests outweigh the interests of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of October 10, 2023 to October 17, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a trial delay granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.

    i)    Additionally, at defendant's April 25, 2023 initial appearance, the parties conferred and agreed that Case No. 2:23-CR-00029-JAM case should be scheduled together with Case Nos. 2:22-CR-00155-JAM and 2:98-CR-00499-JAM.  The parties agree that all three cases should remain scheduled together.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 10, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ AARON D. PENNEKAMP
AARON D. PENNEKAMP
Assistant United States Attorney

Dated:  October 10, 2023

/s/ MICHAEL HANSEN
MICHAEL HANSEN
Counsel for Defendant
DOUGLAS SHARRON PIGGEE

**ORDER**

Based on the parties' stipulation, and for good cause, the Court hereby ORDERS that:

(1) The trial date currently scheduled for November 13, 2023 in Case No. 2:23-CR-00029-JAM is hereby VACATED;

(2) The trial confirmation hearing currently set for October 17, 2023 in Case No. 2:23-CR-00029-JAM is hereby **CONVERTED** to a status conference; and

(3) For the reasons given in the parties' stipulation, the time period of October 10, 2023 to October 17, 2023, inclusive, shall be EXCLUDED for purposes of computing time under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4].

IT IS SO FOUND AND ORDERED.

Dated: October 11, 2023         /s/ John A. Mendez
                                THE HONORABLE JOHN A. MENDEZ
                                SENIOR UNITED STATES DISTRICT JUDGE